**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 18-20348

DEMETRIUS ALDERSON,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Demetrius Alderson pleaded guilty to conspiracy to distribute a controlled substance, 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)(ii), and distribution of a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(B). (ECF No. 77, PageID.378-79.) On October 11, 2019, the court sentenced him to sixty months imprisonment. (ECF No. 96, PageID.555.)

Defendant filed a *pro se* "Motion for Compassionate Release." (ECF No. 102.) He argues the health risks presented by the Coronavirus Disease ("COVID-19") while imprisoned at FCI Milan in Milan, Michigan justify his immediate release. The government has filed a response. (ECF No. 104.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and

determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[1] Federal Bureau of Prisons, U.S. Department of Justice, *Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

---

[1] After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v. Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, --- F. Supp. 3d ----, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors that weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B1.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for it. 18 U.S.C. § 3582(c)(1)(A). That procedure is not applicable here; the BOP did not move for or endorse Defendant's release.

Second, after the passage of the First Step Act in 2018, Defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

On May 12, 2020, Defendant submitted a request to the warden of his facility. (ECF No. 102, PageID.603.) The request asserted that his "extraordinary and compelling reason[]" for compassionate release is the "COVID-19 pandemic" generally. (*Id.*) Defendant specified no medical condition. (*Id.*, PageID.603-04.) He then filed the instant motion on July 1, 2020. (ECF No. 102.)

It appears that Defendant properly waited thirty days after submitting a request for release with the BOP before filing his motion. Thus, the court may address the motion's merits. 18 U.S.C. § 3582(c)(1)(A). Nonetheless, Defendant includes claims that were not made to the BOP. Specifically, Defendant now asserts that he has gas, bloating, and heartburn, conditions not mentioned in his BOP request. (ECF No. 102, PageID.590, 603-04.)

Defendant's new arguments have not been properly exhausted. Allowing a prisoner to present one description of his circumstances to the BOP and another to the court would undermine the statutory scheme of administrative exhaustion that Congress purposefully designed. It would prevent "the agency [from] address[ing] the issues [in the request] on the merits," the purpose of exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). BOP regulations state that a prisoner must present to the agency "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration." 28 C.F.R. § 571.61(a)(1). If the alleged "extraordinary or compelling circumstances" are not presented, *id.*, the BOP has not had an opportunity to address them and the prisoner's claim has not been fully exhausted. *See Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 746-47, 749 (6th Cir. 2019) (citing *Woodford*, 548 U.S. at 90-91) (recognizing issue exhaustion when statutes state "in more general terms . . . 'administrative remedies [must be] exhausted' . . . [and] an agency's rules so require," such as requirements that parties "indentify[] specific issues to be considered [by the agency]"); *Sims v. Apfel*, 530 U.S. 103, 108 (2000) (finding that an agency regulation requires issue exhaustion when it states that an individual must "list the specific issues to be considered").

4

Even if the court were to consider Defendant's new arguments, he is not entitled to relief. Defendant does not fall within the "Medical Condition of the Defendant" category in § 1B1.13 of the Sentencing Guidelines. Defendant is not currently "suffering from a terminal illness." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(i). Nor is he "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care . . . and from which he . . . is not expected to recover." *Id.* § 1B1.13 cmt. n.1(A)(ii). Defendant's conditions of gas, bloating, and heartburn are treatable and relatively minor. They do not permanently and substantially reduce Defendant's ability to remain mentally aware and physically capable of providing basic self-care. *Id.* § 1B1.13 cmt. n.1(A)(ii). There are no other ailments Defendant asserts he is currently suffering. (ECF No. 102, PageID.590.)

More broadly, Defendant's circumstances are not "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in this district has described the requirements of "extraordinary" in the context of compassionate release "as beyond what is usual, customary, regular, or common," and a "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (citations removed).

Defendant argues his medical conditions, combined with the general health risks of COVID-19, compel the court to order his immediate release. However, simply having gas, bloating, and heartburn are in no way "extraordinary and compelling." 18 U.S.C. §

5

3582(c)(1)(A). They are common conditions that, while creating inconvenience and discomfort, do not cripple or seriously threaten Defendant's life. *See, e.g., Acid Reflux*, American College of Gastroenterology, https://gi.org/topics/acid-reflux/#:~:text=Overview,experience%20heartburn%20symptoms%20each%20day. (last visited August 13, 2020) (describing the widespread prevalence and common treatments for heartburn). And simply asserting the fact that COVID-19 exists, poses a health risk, and Defendant may contract it does not justify release.

FCI Milan holds 1,361 inmates. *FCI Milan*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/mil/ (last visited Aug. 13, 2020). Although ninety-three inmates have contracted COVID-19 and three have died over the course of the past six months, there is now only one confirmed active case. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (Aug. 13, 2020). This positive turn of events may have been the result of the extensive precautions the BOP has taken to mitigate the spread of COVID-19. Inmates' internal movement is suspended, subject to narrow exceptions such as medical examinations; newly arriving inmates are screened for exposure risk and symptoms; symptomatic inmates, as well as asymptomatic inmates with exposure risk, are isolated; social visits are cancelled. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Aug. 7, 2020). (ECF No. 104, PageID.614-15.) If released, Defendant may enter a free society with tens of thousands of confirmed cases, less monitoring, and reduced access to quality healthcare. *Coronavirus: Michigan Data*, State of Michigan, https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html (last

visited Aug. 7, 2020) (detailing confirmed COVID-19 cases across Defendant's home state of Michigan).

Ultimately, simply being a federal prisoner without serious medical conditions who *may* contract COVID-19, *may* develop serious symptoms, and *may*, however unlikely, have a reduced chance of contracting the disease and better access healthcare if released are not conditions sufficient to warrant the extraordinary remedy of compassionate release. 18 U.S.C. § 3582(c)(1)(A). Defendant's request will be denied. Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 102) is DENIED.

                                            s/Robert H. Cleland          /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2020, by electronic and/or ordinary mail.

                                            s/Lisa Wagner                /
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-20348.ALDERSON.MotionforCompassionateRelease.RMK.2.docx